ANTHONY L. HALL, Esq.
Nevada Bar No. 5977
AHall@SHJNevada.com
SANDRA KETNER, Esq.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, Nevada 89509
Telephone: (775) 785-0088
Fax: (775) 785-0087

*Attorneys for Plaintiff EnvTech, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ENVTECH, INC. a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD VICTOR RUTHERFORD, an individual,<br><br>Defendants. | CASE NO.: 3:21-cv-00048-MMD-CLB<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER** |

Plaintiff EnvTech, Inc. ("Plaintiff" or "EnvTech") and Defendant Richard V. Rutherford ("Defendant" or "Rutherford") (collectively, when possible, "the Parties") by and through their respective counsel, agree as follows:

1. During the course of this litigation, a party may produce or disclose documents, materials, and information (collectively, "Information") which are confidential, proprietary and/or contain personal information, financial information, business operations information and/or trade secrets. Similarly, such Information may be disclosed by written discovery, deposition testimony (to the extent taken), or in other filings with the Court. Accordingly, the Parties submit this Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order (the "Order") for the approval and enforcement of the Court and hereby agree as follows:

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

2. All Information produced in this litigation and designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" as provided below shall be used solely for the purpose of the Litigation in which the Parties are involved. With the exception of the related case pending in the District Court of Harris County, Texas, 129th Judicial District captioned *EnvTech, Inc. v. Taylor, et al.* (Cause No. 2021-02657), the parties will not use or disclose any Information marked Confidential or Highly Confidential – Attorney's Eyes Only outside the context of this Litigation, including trial, preparation, and appeal. Any person receiving such Information designated as Confidential or Highly Confidential – Attorney's Eyes Only shall restrict its disclosure to persons authorized to receive the Information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to this Order. A Confidential or Highly Confidential – Attorney's Eyes Only designation is applicable to all copies and reproductions of any Information. Nothing herein shall be deemed to restrict the right of the producing party to use its own Information that it has designated as Confidential or Highly Confidential – Attorney's Eyes Only as it chooses. Nothing in this Order requires either party to produce Information the party believes is privileged or otherwise non-discoverable. By entering into this Order, the Parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

3. <u>Definition of "Confidential" Information</u>: A producing party may designate as "CONFIDENTIAL" such Information which the producing party believes in good faith constitutes, contains, or reflects personal information, business operations information or financial information about a party or other person, or other information that is not generally known to the public.

4. <u>Definition of "Highly Confidential - Attorney's Eyes Only" Information</u>: Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" when the designating party reasonably believes that the document contains information that the designating party deems especially sensitive, which may include, but is not limited to, trade secrets, the elements, component, formulas or recipes of chemical products, the methods and processes for developing and implementing neutralization and decontamination using neutral pH chelant technology, client identities, attributes and preferences, proposals, worksheets and plans, pricing

information, data, technical marketing, or any other sensitive trade secret or proprietary information.

5. <u>Designating Information as "Confidential" or "Highly Confidential – Attorney's Eyes Only"</u>: All or any part of a document, item, testimony, or other Information disclosed, produced, or filed in this litigation may be designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by any Party, regardless of who disclosed, produced, or filed the document, by marking the word "Confidential" or "Highly Confidential – Attorney's Eyes Only" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated, except as to documents containing more than twenty (20) pages, in which case marking the top page as Confidential or Highly Confidential – Attorney's Eyes Only will suffice. Oral testimony may be designated as Confidential or Highly Confidential – Attorney's Eyes Only during the deposition or proceeding, with reasonable precision as to the affected testimony, or within seven (7) business days after receipt of the transcript of such deposition or proceeding by sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Highly Confidential– Attorney's Eyes Only. All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as Confidential or Highly Confidential– Attorney's Eyes Only on the face of the response and each page so designated. The expense of labeling any information as "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall be borne by the designating party.

6. <u>Challenging a Designation</u>: Either of the Parties may challenge at any time the propriety of a designation of Information as Confidential or Highly Confidential – Attorney's Eyes Only. Before seeking relief from the Court, the Parties shall attempt to resolve the dispute informally and in good faith. If the Parties are unable to resolve such dispute, it shall be submitted to the Court. The Information shall be treated as Confidential or Highly Confidential – Attorney's Eyes Only pending resolution of the challenge.

7. <u>No Implied Acknowledgement of Confidentiality</u>: Compliance with the terms of this Order, production or receipt of Information designated Confidential or Highly Confidential – Attorney's

Eyes Only, and/or allowing Information to be designated Confidential or Highly Confidential – Attorney's Eyes Only shall not in any way operate as an admission that any particular Information is Confidential or Highly Confidential – Attorney's Eyes Only. Failure to challenge the designation of Information as Confidential or Highly Confidential – Attorney's Eyes Only does not preclude a subsequent challenge. The designation of Information as Confidential or Highly Confidential – Attorney's Eyes Only does not create a presumption in favor of or against that designation.

8. <u>Access to Information Designated Confidential or Highly Confidential – Attorney's Eyes Only</u>:

    a. Without prior written consent of the designating party, Information marked "CONFIDENTIAL" may be disclosed only to:

1. Counsel of record for the respective Parties in the Litigation and their employees, including assisting attorneys, paralegals, and legal or administrative assistants, and vendors to whom it is necessary that the material be shown for purposes of this Litigation, including but not limited to court reporters, videographers, and document vendors;

2. The Parties to this action and their representatives, including in-house counsel;

3. Experts or consultants (including their employees, associates, and/or support staff) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in the litigation. Information designated Confidential that is accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants;

4. Electronic imaging and/or computer litigation support personnel retained by one or more of the Parties in this litigation or by the Parties' counsel;

5. The Court and its personnel, including clerks and stenographic reporters who record deposition of other testimony in this litigation;

6. Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

7. Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

8. Persons who were authors or recipients of the documents in the ordinary course of business; and

9. Any other person whom the producing party agrees to in writing.

b. Without prior written consent of the designating party, Information marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be disclosed only to:

1. Counsel of record for the respective Parties in the Litigation and their employees, including assisting attorneys, paralegals, and legal or administrative assistants, and vendors to whom it is necessary that the material be shown for purposes of this Litigation, including but not limited to court reporters, videographers, and document vendors;

2. Actual or potential independent experts or consultants, including testifying experts, consulting experts, and anyone retained to assist any expert or consultant, who shall each have read a copy of this Protective Order and shall have executed an acknowledgment so stating in the form of Exhibit A attached hereto;

3. Persons who were authors or recipients of the documents in the ordinary course of business; and

4. The Court, including Court personnel and persons employed by the Court, and any mediator appointed by the Court or agreed to by the Parties.

c. Counsel shall inform each person to whom they disclose or give access to the other Party's Information designated Confidential or Highly Confidential – Attorney's Eyes Only of the terms of this Order, as well as the obligation to comply with its terms, and said persons shall abide by the terms of this Order.

9. <u>Depositions</u>: To the extent depositions occur in this litigation, persons may be deposed regarding Information of which they have knowledge that has been designated Confidential or Highly Confidential – Attorney's Eyes Only. Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding Confidential or Highly Confidential Information except the Parties (if permitted according to the designation) and counsel for the Parties unless such person agrees to abide by this Order. Any court reporter who transcribes testimony in

this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing Confidential or Highly Confidential – Attorney's Eyes Only Information is and shall remain Confidential or Highly Confidential – Attorney's Eyes Only and shall not be disclosed except as provided in this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

10. <u>Previously Produced Information</u>: This Order does not affect the right of any of the Parties to designate as Confidential or Highly Confidential – Attorney's Eyes Only any Information which has been disclosed, produced, or filed prior to the entry of this Order, regardless of which party disclosed, produced, or filed such Information. Any disclosure of such Information prior to its designation as Confidential or Highly Confidential – Attorney's Eyes Only shall not be deemed a violation of this Order. This Order shall not prejudice the right of the Parties to designate as Confidential or Highly Confidential – Attorney's Eyes Only the Information a party has inadvertently produced without the sought designation.

11. <u>Filing Documents Under Seal</u>: A party or non-party wishing to file a document designated as Confidential or Highly Confidential – Attorney's Eyes Only shall file or submit for filing as part of the court record and documents under seal in accordance with Local Rule IA 10-5. The Party who has designated such materials as Confidential or Highly Confidential – Attorney's Eyes Only shall submit an accompanying motion for leave to file those documents with the Court under seal, making the showing required under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and also complying with *Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016), to sustain the sealed status of such materials. Failure to file the motion to sustain that sealed status of the materials shall constitute a waiver of such designated status. In the event the Court refuses to allow the filing under seal of Confidential Information or Highly Confidential – Attorney's Eyes Only, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential or Highly Confidential – Attorney's Eyes Only in all other respects, unless the Court deems otherwise.

12. Conclusion of Proceedings: Within thirty (30) days following termination of this litigation

by final judgment, settlement or otherwise (including any appeals):

    (a)    All Information subject to the provisions of this Order shall be destroyed or delivered to the producing party.

    (b)    To the extent any Information designated Confidential or Highly Confidential – Attorney's Eyes Only is destroyed, the destroying party shall so represent in writing to the producing party.

    (c)    As to Information filed under seal, the producing party shall be obligated to retrieve those documents from the Court and the other party will support any motion to this effect.

13. <u>Jurisdiction and Enforcement</u>: Any person to whom Information designated Confidential or Highly Confidential – Attorney's Eyes Only is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. Although the parties agree to be bound by the confidentiality terms of this Order, the dismissal of this action will terminate the jurisdiction of this Court. Any party or person subject to this Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

14. This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

DATED this 30th day of April, 2021.    DATED this 30th day of April, 2021.

SIMONS HALL JOHNSTON PC    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Sandra Ketner    /s/ Molly M. Rezac

Anthony L. Hall (SBN 5977)    Anthony L. Martin (SBN 8177)
Sandra Ketner (SBN 8527)    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SIMON HALL JOHNSON PC    Wells Fargo Tower, Suite 1500
6490 S. McCarran Blvd., Ste. F-46    3800 Howard Hughes Parkway
Reno, NV 89509    Las Vegas, NV 89169
*Attorneys for Plaintiff*

Molly M. Rezac (SBN 7435)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
*Attorneys for Defendant*

IT IS SO ORDERED.
Dated: April 30, 2021

_____
UNITED STATES MAGISTRATE JUDGE    Page 7 of 9

**IT IS SO ORDERED.**

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
**UNITED STATES DISTRICT/MAGISTRATE JUDGE**

DATED: xxxxxxxxxxxxxxxxx

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO ABIDE BY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

THE UNDERSIGNED HEREBY UNDERSTANDS AND ACKNOWLEDGES that he/she has read the CONFIDENTIALITY AGREEMENT AND STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER ("Confidentiality Agreement and Protective Order") having been entered and approved by the presiding Court in Case No. 3:21-cv-00048-MMD-CLB.

The undersigned agrees to be bound by the terms of the above-referenced Confidentiality Agreement and Protective Order in the same manner as the parties and their counsel of record as described in the Confidentiality Agreement and Protective Order are bound. The undersigned agrees to provide counsel for the parties to this action with written notice of any document sharing, as well as a list of any recipients of shared documents. The undersigned also agrees to submit to the jurisdiction of the United States District Court, Unofficial Northern Division, in the State of Nevada for any proceedings related to any violation or threatened violation of this Order.

DATED this ___ day of _____, 20__.

By:_____
Print Name:_____
Title:_____
Company:_____

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088